(1918), that when one agrees to do a thing possible of performance "he will not be excused or become entitled to additional compensation, because unforeseen difficulties are encountered." Extension of the theory of recovery identified with *Ideker* to the facts of this case dilutes the bidding process on public projects and makes it impossible for governmental entities to intelligently utilize and appropriate available funds. Furthermore, doing so rewards careless and indifferent bidders at the expense of both the public sector and responsible bidders.

The judgment rendered by the trial court, in favor of defendant and against plaintiff under count two of plaintiff's petition, notwithstanding the verdict, should be affirmed.

Mark V. Clark, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

ORDER

PER CURIAM:

Appeal from a conviction by a jury for felony stealing without consent [§ 570.030, RSMo Cum.Supp.1983] and sentence by the court as persistent offender [§ 558.016.2, RSMo Cum.Supp.1983] to a term of five years made to run consecutively to another sentence previously imposed.

Affirmed. Rule 30.25(b).

---

STATE of Missouri, Respondent,

v.

Helen Lucille LEE, Appellant.

No. WD 35737.

Missouri Court of Appeals,
Western District.

June 18, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 30, 1985.

Application to Transfer Denied Sept. 10, 1985.

---

STATE of Missouri, Respondent,

v.

Kerry BROOKS, Appellant.

No. 49165.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 18, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied Sept. 10, 1985.